IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TARA KOPPLIN,

                 Plaintiff,

v.

ACUITY, A MUTUAL INSURANCE COMPANY,

                 Defendant.

ORDER

18-cv-401-jdp

---

Kevin Kopplin died in an automobile accident. He was the passenger in a car owned by Andrew Kopplin and driven by Daniel Kopplin, both of whom were insured by defendant ACUITY, a Mutual Insurance Company. Kevin's surviving spouse, plaintiff Tara Kopplin, individually and as personal representative of his estate, sued ACUITY in Wisconsin state court to recover damages for his wrongful death.

ACUITY removed the case to this court under 28 U.S.C. §§ 1332, 1441(a), and 1446, invoking this court's diversity jurisdiction. Dkt. 1. Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct ACUITY to file an amended notice of removal containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

ACUITY alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. Dkt. 1. For the latter to be true, however, ACUITY cannot be a citizen of the same state as any plaintiff. *Smart*, 562 F.3d at 803. The allegations regarding the parties' citizenships are insufficient to allow the court to determine whether this is the case for two reasons.

First, the citizenship of Kevin Kopplin has not been established. Tara Kopplin has sued ACUITY both individually and as the legal representative of Kevin's estate, so her citizenship in both capacities must be established. *See Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). ACUITY alleges that Tara is a citizen of Minnesota, but an estate's legal representative's citizenship is determined by the citizenship of the decedent. 28 U.S.C. § 1332(c)(2); *Lindner v. Union Pac. R. Co.*, 762 F.3d 568, 570 (7th Cir. 2014). So ACUITY must allege the citizenship of Kevin Kopplin.

Second, the citizenship of both Andrew Kopplin and Daniel Kopplin has not been established. Kopplin's complaint alleges Wisconsin residency for both, but "[r]esidency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Citizens State Bank v. Reliable Transporting LLC*, No. 16-cv-599-jdp, 2016 WL 4718019, at *2 (W.D. Wis. Sept. 9, 2016) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). And their respective citizenship is relevant because in a direct action against an insurer, such as this, the insurer is deemed to be a citizen of "every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A).

Before dismissing this action for lack of subject-matter jurisdiction, the court will allow ACUITY to file an amended notice of removal that establishes subject matter jurisdiction. This is a matter that could be resolved promptly with the cooperation of Tara Kopplin's counsel, which the court will expect.

ORDER

IT IS ORDERED that:

1. Defendant ACUITY may have until June 18, 2018, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered June 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge